Case 4:14-cv-00365-O Document 31 Filed 06/03/14 Page 1 of 3 PageID 107


IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARON BENJAMIN GOINS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-365-O |
| | § | |
| CITY OF SANSOM PARK, ET AL. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING MOTION FOR PRELIMINARY INJUNCTION**

Pending before the Court is *pro-se* Plaintiff Aron Benjamin Goins' Motion for Preliminary Injunction [doc. # 9], filed May 27, 2014. In the motion, Goins requests a "preliminary injunction staying CITY OF SANSOM PARK's enforcement of Legal Process re: citations 102614; 102378, pending further order of this Court." (Pl.'s Mot. at 1.) Under well-settled Fifth Circuit precedent, a preliminary injunction is an extraordinary remedy that should not be granted unless the movant demonstrates by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury to the movant outweighs any harm to the nonmovant that may result from the injunction; and (4) that the injunction will not undermine the public interest. *See Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998); *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990).

With respect to the first element, Goins, in his motion, states:

> The Plaintiff tendered in good faith, a private instrument to CITY OF SANSOM PARK re: citations 102814; 102378, (see ID) in exchange for the settlement of the case and related accounting, and is a payment in contract that binds the CITY OF SANSOM PARK. If the CITY OF SANSOM PARK is allowed to continue its Legal Process in re the above against Plaintiff, it constitutes and [sic] an impairment of an obligation of contract prohibited by Section 28, Article II of the Texas Constitution and Article I, Section 10, Clause 1 of the United States Constitution.

(Pl.'s Mot. at 3.)

After reviewing the pleadings and any attached evidence thereto, the Court concludes that Goins has failed to properly plead and/or prove a substantial likelihood of success on the merits.

Goins seeks to have this Court intervene in an ongoing legal proceeding with Defendant City of Sansom Park. However, such intervention is generally inappropriate. See, *e.g.*, *Gibson v. Orleans Parish Sheriff*, No. 12-2632, 2013 WL 1099056, at *2 (E.D. La. Feb. 20, 2013). Moreover, the only evidence supporting Goins claims "are his own unsubstantiated assertions, and these are not sufficient to demonstrate a substantial likelihood of success on the merits." *Howard v. Guterrez*, No. C-11-125, 2011 WL 4625484, at *3 (S.D. Tex. Sept. 30, 2011). In addition, Goins has not shown that the issuance of a preliminary injunction will not undermine the public interest as "[c]onsiderations of federalism weigh heavily against interference by federal courts through the issuance of preliminary injunctions against state [or local] agencies." *Phillips v. Director*, No. 9:07-CV-111, 2007 WL 2688476, at *2 (E.D. Tex. Sept. 10, 2007). Consequently, the Court recommends that Goins' motion for a preliminary injunction be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States

District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 17, 2014** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 3, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv