IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ARON BENJAMIN GOINS | § |
| | § |
| V. | § ACTION NO. 4:14-CV-365-O |
| | § |
| CITY OF SANSOM PARK, ET AL. | § |

## FINDINGS, CONCLUSION, RECOMMENDATION REGARDING GOINS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

Pending before the Court is *pro-se* plaintiff Aron Benjamin Goins' Emergency Motion for Temporary Restraining Order or Preliminary Injunction [doc. 75], filed May 19, 2015. In the motion, Plaintiff requests that the Court issue a TRO against Defendant Richard Carr as Goins claims that Carr has trespassed on and vandalized Goins' property and fence. (Plaintiff's Emergency Motion for Temporary Restraining Order ("Pl.'s Mot.") at 1-2.)

Under well settled Fifth Circuit precedent, a TRO or other injunction pursuant to Federal Rule of Civil Procedure 65 is an extraordinary remedy that should not be granted unless the movant proves the same elements required generally for injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury to the movant outweighs any harm to the nonmovant that may result from the injunction; and (4) that the injunction will not undermine the public interest. *See Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009); *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief is an extraordinary remedy that requires an unequivocal showing of the need for the relief to issue. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997).

After reviewing Plaintiff's motion, the Court concludes that, at the very least, Plaintiff has failed to carry his burden of persuasion with regard to the second element. As to this element, Plaintiff alleges that he will "continue to suffer irreparable harm or injury from the possibility of continued or future damages resulting from the further criminal actions of the named defendant." (Pl.'s Mot. at 2.)

"In general, a harm is irreparable where there is no adequate remedy of law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). Based on the allegations against Defendant Carr in Plaintiff's motion, the Court concludes Plaintiff does have adequate remedies of law against Defendant Carr for his alleged actions, including monetary damages and the filing of criminal charges. Thus, the Court concludes that, at this time, there is no threat of irreparable injury. Consequently, the Court recommends **DENYING** Plaintiff's motion for TRO or Preliminary Injunction.

## RECOMMENDATION

It is recommended that Plaintiff's Motion for TRO or Preliminary Injunction [doc. 75] be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 5, 2015**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 22, 2015.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv