IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ARON BENJAMIN GOINS | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-365-O |
| | § | |
| CITY OF SANSOM PARK, ET AL. | § | |

## FINDINGS, CONCLUSION, AND RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO DISMISS

Pending before the Court are three motions to dismiss: (1) Defendant City of Sansom

Park ("Sansom Park")'s Second Motion to Dismiss ("Sansom Park's Mot.") [doc. 48], filed

October 24, 2014; (2) Second Motion to Dismiss of the Individual Defendants (except for

Defendant Richard Carr) ("Ind. Defs.' Mot.") [doc. 49], also filed October 24, 2014; and (3)

Defendant Richard Carr's Rule 12(b)(6) Motion to Dismiss ("Carr's Mot.") [doc. 57], filed

November 24, 2014. Having carefully considered the motion, response, and replies, the Court

recommends that all three motions be **GRANTED**.

### I.    FACTUAL BACKGROUND[1]

On May 20, 2014, *pro-se* Plaintiff Aron Benjamin Goins ("Goins") filed the above-styled

and numbered cause against Defendants Sansom Park; Matthew Hudman; Douglas Hudman; D.

Lee Thomas; Randy Driver; Ron Douglas; Greg Hutson; Richard Carr; Danny Robertshaw; Lisa

Mears; Amy Kromer; Chris O'Brien; Jim Barnett, Sr.; and Jim Barnett, Jr. Thereafter, on May

29, 2014, Goins, with leave of Court, filed an Amended Complaint that, *inter alia*, added James

---

[1] Because the Court is considering a Motion to Dismiss, the Court must construe all facts in the light most favorable to Goins. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982) Thus, the facts are taken as true as alleged by Goins in his Second Amended Complaint.

1

Averitt as a defendant.[2]  The Defendants filed a Motion to Dismiss on June 11, 2014.  In an order

dated September 24, 2014, the Court granted Plaintiff's second motion for leave to amend and

denied as moot Defendants' motion to dismiss.  Goins filed his Second Amended Complaint on

October 10, 2014, which is the live pleading currently before the Court.

While convoluted and difficult to understand, it appears that Goins' claims arise out of a

dispute between him and Defendant Carr over title to land Goins purchased in Sansom Park and

the remaining Defendants' attempts to enforce various code violations regarding land owned

and/or inhabited by Goins.  (Goins' Second Amended Complaint ("Pl.'s Sec. Am. Compl.") at

3.)  In his Second Amended Complaint, Goins alleges the following causes of action against

Defendants: (1) breach of contract; (2) breach of fiduciary duty; (3) deprivation of his Fourth

Amendment rights under color of law pursuant to 42 U.S.C. § 1983; and (4) neglect to prevent

conspiracy pursuant to 42 U.S.C. § 1986.  (*Id.* at 22-26.)  Goins also requests monetary damages,

injunctive relief, and declaratory relief.  (Pl.'s Sec. Am. Compl. at 26-27.)

---

[2] The individual Defendants, with the exception of Carr, are all current or former public officials of Sansom Park as set forth below:

    a.   Matthew Hudman: Associate Municipal Judge
    b.   Douglas Hudman: Municipal Judge
    c.   D. Lee Thomas: City Attorney & Prosecutor
    d.   Randy Driver: Chief of Police
    e.   Ron Douglas: Director of Community Development
    f.   Greg Hutson: City Administrator
    g.   Danny Robertshaw: Water Superintendent
    h.   Lisa Mears: former City Secretary
    i.   Amy Cromer: Municipal Court Clerk
    j.   Chris O'Brien: Code Enforcement/Police Officer
    k.   Jim Barnett, Sr.: Council Member, Place 3
    l.   Jim Barnett, Jr.: Mayor
    m.   James Averitt: Police Dispatch Supervisor

(Ind. Defs.' Mot. at 3.)

2

## II.    LEGAL STANDARD

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must be interpreted in conjunction with Federal Rule of Civil Procedure 8(a), which sets forth the requirements for pleading a claim for relief in federal court. Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v.*

3

*Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.,* 484 F.3d 776, 780 (5th Cir. 2007). In addition, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003)).

## III.   ANALYSIS

### A. Breach of Contract Claim

In its motion, Defendant Sansom Park states that, while very difficult to understand, Goins appears to be claiming that the Defendants entered into "some sort of binding enforceable agreement to settle something he calls the citation accounting." (Defendant Sansom Park's Motion ("Sansom Park's Mot.") at 4.) Sansom Park claims that Goins has failed to allege facts sufficient to indicate a "mutual assent binding Defendant." (Sansom Park's Mot. at 5.) Specifically, Defendant Sansom Park argues that Goins has failed to allege facts that could establish "affirmative action taken on behalf of the City by its governing body," which is required for there to be a contract. (Sansom Park's Mot. at 5.) Moreover, Defendant claims that it has sovereign immunity to any breach of contract claim against it and the "Court cannot allow the contract claim to proceed unless there is a showing of a waiver of sovereign immunity." (Sansom Park's Mot. at 6.)

After reviewing Plaintiff's claim for breach of contract against Defendants, the Court concludes that it fails as a matter of law. To begin with, the starting point for any breach-of-

4

contract claim is to establish the existence of a contract.[3] *See, e.g., Baylor Univ. v. Sonnichsen,* 221 S.W.3d 632 (Tex. 2007). While Goins attempts to allege that he entered into some sort of contract with the Defendants, a review of Goins' allegations, as well as the exhibits attached to his Second Amended Complaint,[4] indicates that he has not alleged, and cannot allege, a valid contract between any of the Defendants and Goins as there was, at the very least, no plausible allegation of a mutual assent between the parties to enter into a contract. *See Baylor Univ.,* 221 S.W.3d at 634 ("Contracts require mutual assent to be enforceable.") While Goins alleges that he entered into a binding enforceable agreement with Defendants, such allegations are conclusory as none of his factual allegations indicate that a contract was actually formed. Consequently, Goins has failed to state a breach-of-contract claim against Defendants and, consequently, the Court recommends this claim be dismissed.

Furthermore, as to Defendant City of Sansom Park, "[t]he Supreme Court of Texas has held that Texas municipalities are immune from breach of contract lawsuits unless immunity has been waived by clear and unambiguous language." *Hammers v. City of Dallas,* No. 3:13-CV-03659-M-BK, 2014 WL 5502249, at *3 (N.D. Tex. Oct. 6, 2014). Even assuming allegations of a valid contract, because there is no allegation that a municipal waiver has taken place in this

---

[3] "Under Texas law, the elements of a claim for breach of contract are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach." *Pension Advisory Grp., Ltd. v. Country Life Ins. Co.,* 771 F. Supp. 2d 680, 700 (S.D. Tex. 2011) (internal quotations omitted).

[4] "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.,* 484 F.3d 776, 780 (5th Cir. 2007). In addition, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003)).

case, the Court recommends that this claim against Defendant Sansom Park be dismissed for this additional reason as well. *Id.* (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998)). While Plaintiff alleges in his Second Amended Complaint that there is no evidence that Defendant Sansom Park is a municipality and is, instead, a private corporation, Plaintiff points to nothing beyond his bare allegations that would refute the judicially noticeable fact that Defendant Sansom Park is indeed a municipality. According to the "History of Sansom Park" page on Sansom Park's website, sansompark.org, Sansom Park was incorporated initially as a village on March 24, 1949. *See Meadows v. State*, 356 S.W.3d 33, 40 n.6 (Tex. App.— Texarkana 2011, no pet.) (noting that, pursuant to Texas Rules of Evidence 201, the court can take judicial notice of facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned). Thus, the Court takes judicial notice that Sansom Park is a municipality. *See Weaver v. United States*, 298 F.2d 496, 499 (5th Cir. 1962) ("The location and boundary of any incorporated city, as a subdivision of the state are judicially noticed, as well as locations of governmental buildings and institutions.")

## B. Breach of Fiduciary Duty

While unclear, it appears that Goins' claim for breach of fiduciary duty against Defendants arises out of the same basic facts as his breach of contract claim. (Pl.'s Sec. Am. Compl. at 23-24.) Goins seems to be alleging that Defendants had a duty to cash a check that Goins submitted to Sansom Park in an attempt to have water and sewage lines connected to his property, upon which he had placed several portable buildings. (*Id.* at 6-22.)

To state a claim for breach of fiduciary duty, Goins must allege that: (1) a fiduciary relationship existed between himself and Defendants; (2) Defendants breached this duty; and (3) the breach resulted in injury to Goins or benefit to Defendants. *Falcon Int'l Bank v. Cantu*, No.

6

13-13-00577-CV, 2015 WL 1743396, at *8 (Tex. App.—Corpus Christi, Apr. 16, 2015); *see Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied). A fiduciary relationship may be based on certain formal relationships that arise as a matter of law and includes the relationship between attorney and client, principal and agent, partners, and joint venturers. *See U.S. Enercorp, Ltd. v. SDC Montana Bakken Exploration, LLC*, No. SA:12-CV-1231-DAE, 2015 WL 1310359, at *19 (W.D. Tex. Mar. 24, 2015); *Melanson v. Navistar, Inc.*, No. 3:13-CV-2018-D, 2014 WL 4375715, at *10 (N.D. Tex. Sept. 4, 2014). In addition, the fiduciary relationship may be informal and "arise[] from a moral, social, domestic or purely personal relationship of trust and confidence." *U.S. Enercorp, Ltd.*, 2015 WL 1310359, at *19; *Melanson*, 2014 WL 4375715, at *10.

In this case, Goins alleges that the "Defendants occupied a position of Inherent Public Trust." (Pl.'s Sec. Am. Compl. at 23.) Thus, it appears that Goins is claiming that the parties had an informal fiduciary relationship as opposed to a formal fiduciary relationship. "A fiduciary relationship may arise from a variety of relationships where the parties are 'under a duty to act for or give advice for the benefit of another upon matters within the scope of their relation.'" *ARA Auto. Grp. v. Cent. Garage, Inc.*, 124 F.3d 720, 723 (5th Cir.1997) (quoting *Tex. Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 507 (Tex. 1980)). "The existence of a fiduciary relationship, outside of formal relationships that automatically give rise to fiduciary duties, is usually a fact intensive inquiry." *ARA Auto. Grp.*, 124 F.3d at 723 (citing *Texas Bank and Trust Co. v. Moore*, 595 S.W.2d 502, 508 (Tex. 1980)). "However, when the evidence offered is no evidence of a fiduciary relationship, the issue can be determined as a matter of law." *ARA Auto. Grp.*, 124 F.3d at 723. Under Texas law, 'a fiduciary duty will not be lightly created' since 'it imposes extraordinary duties' and requires the fiduciary to 'put the interests of the beneficiary

7

ahead of its own if the need arises.'" *ARA Auto. Grp.*, 124 F.3d at 723 (quoting *Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.*, 55 F.3d 181, 188 (5th Cir.1995)). Moreover, "[i]n order to give full force to contracts, courts applying Texas law do not create such a relationship lightly." *U.S. Enercorp, Ltd.*, 2015 WL 1310359, at *19 (internal quotations and citations omitted).

Based upon a reading of Goins' Second Amended Complaint, Goins has failed to plead any factual allegation that allows the Court to draw the reasonable inference that any Defendants owed a fiduciary duty to Goins or are liable for the misconduct alleged. While Goins tries to claim a fiduciary relationship existed between him and Defendants based on Defendants' alleged breach of contract in cashing a check Goins gave to Defendant Sansom Park, a fiduciary relationship is not established by the mere payment of money for requested city services. Consequently, the Court recommends the dismissal of Goins' claim against Defendants for breach of fiduciary duty.[5]

## C. Deprivation of Fourth Amendment Rights Pursuant to 42 U.S.C. § 1983

In his Second Amended Complaint, Goins further alleges the following:

The Defendants deprived Plaintiff of his 4th amendment rights against unlawful search and seizure, under color of law and under a custom and/or usage of practice made available by operation of law under the Common Practices or Well

---

[5] Moreover, as to Defendant Sansom Park, municipal governments are immune from tort suits except to the extent that immunity has been waived by the Texas Tort Claims Act ("TTCA"). *Hatcher v. City of Grand Prairie*, No. 3:14-CV-432-M, 2014 WL 3893907, at *7 (N.D. Tex. Aug. 6, 2014). Although the TTCA waives immunity in certain limited circumstances, the waiver does not extend to claims for breach of fiduciary duty, which is an intentional tort. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2011); *Copeland v. D & J Constr. LLC*, No. 3:13-CV-4432-N-BH, 2015 WL 512590, at *6 n.6 ("[A] breach of fiduciary claim is a tort claim."). Because Goins has failed to plead sufficient facts to bring his claim for breach of fiduciary duty against Defendant Sansom Park within the limited waiver of immunity under the TTCA, such claim as to Sansom Park is also barred by governmental immunity. *See, e.g., Kojo Wih Nkansah v. Univ. of Tex. at Arlington*, No. 02-10-00322-CV, 2011 WL 4916355, at *3 (Tex. App.—Ft. Worth Oct. 13, 2011, pet. denied) ("Sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in which the State or certain governmental units have been sued unless the State consents to suit.").

> Established Policies of the State of Texas, by enforcing Citation Violations, by willfully and knowingly Subjecting Plaintiff to false arrest, unlawful Detainment, abuse of legal process, by willfully and knowingly acting on False and/or Fraudulent Warrants, and by willfully and knowingly searching and investigating Plaintiff's Land and Domicile when Plaintiff was not home, and Despite Plaintiff's No Trespassing Notices Posted and Affixed to the Land.

(Pl.'s Sec. Am. Compl. at 24 (capitalization in original).) Goins seeks relief in this case under 42 U.S.C. § 1983, which "creates a private right of action for redressing the violation of federal law by those acting under color of state law." *Colson v. Grohman,* 174 F.3d 498, 504 n.2 (5th Cir. 1999) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 82 (1984)). "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates. Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Harrington v. Harris,* 118 F.3d 359, 365 (5th Cir. 1997) (citations and internal quotation marks omitted) (quoting *Johnson v. Harris Cnty, Flood Control Dist.,* 869 F.2d 1565, 1573 (5th Cir. 1989)). For proof of a constitutional violation to be established, there must be allegations "that the conduct about which complaint is made was a proximate[]cause of the deprivation, *i.e.,* that the conduct about which complaint is made was the cause in fact of the deprivation and that a person of ordinary prudence would have foreseen that the conduct in question would have caused such a deprivation." *Abdeljalil v. City of Fort Worth,* 55 F. Supp. 2d 614, 625 (N.D. Tex. 1999).

### 1. Defendant Sansom Park

As to Goins' section 1983 claim against Defendant Samson Park, the Court notes that municipalities and other local government entities, including school districts, are considered "persons" susceptible to suit under § 1983. *See Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001); *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978). Municipal liability, however, cannot be sustained under a theory of respondeat superior or vicarious liability. *Brd. of*

9

*Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. A municipality is only liable under § 1983 for acts that are "directly attributable to it 'through some official action or imprimatur.'" *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting *Piotrowski*, 237 F.3d at 578). For liability to attach, "the municipality must cause the constitutional tort, which occurs 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir.2008) (quoting *Monell*, 436 U.S. at 694). Any policy that "'allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional.'" *Gordon v. Greenville Indep. Sch. Dist.*, No. 3:13-CV-2914-N-BK, 2014 WL 1243978, at *6 (N.D. Tex. Mar. 26, 2014) (quoting *Piotrowski*, 237 F.3d at 579). Moreover, "[u]nconstitutional actions of officials or employees of a municipality do not render the municipality liable under Section 1983 unless they execute official policy as contained in policy statements, ordinances or regulations." *Id.*

To hold a municipality liable under this standard, "a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of, the constitutional injury." *James*, 577 F.3d at 617. The plaintiff must establish a "direct causal link" between the municipal policy and the constitutional violation. *Id.* (citations and internal quotations omitted). This requires "direct causation" between the policy and the alleged violation. *Peterson v. City of Fort Worth*, 588 F.3d 838, 848 (5th Cir. 2009) (citations and internal quotations omitted). This causal connection "must be more than a mere 'but for' coupling between cause and effect." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 310 (5th Cir. 2004) (quoting *Fraire*

10

*v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992)). Rather, "a municipal policy must be affirmatively linked to the constitutional violation and be the *moving force* behind it." *Id.* (quoting *Fraire*, 957 F.2d at 1281).

Official policy, which establishes municipal culpability, "can arise in various forms." *Peterson*, 588 F.3d at 847. Official policy usually exists in the form of "written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *James*, 577 F.3d at 617 (citations omitted)). "A policy or custom is official only 'when it results from the decision or acquiescence of the municipal officer or body with 'final policymaking authority' over the subject matter of the offending policy.'" *Id.* (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)); *see also Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003) ("Knowledge on the part of a policymaker that a constitutional violation will most likely result from a given official custom or policy is a *sine qua non* of municipal liability under section 1983.").

In addition, if the policy at issue is not facially unconstitutional, a plaintiff must also show that "it was adopted with deliberate indifference as to its known or obvious consequences." *James*, 577 F.3d at 617 (internal quotations and citations omitted). Deliberate indifference, in this context, "is a degree of culpability beyond mere negligence or even gross negligence; it 'must amount to an intentional choice, not merely an unintentionally negligent oversight.'" *Id.* at 617–18 (quoting *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992)); *see Conner v. Travis Cnty.*, 209 F.3d 794, 796 (5th Cir. 2000)). The Fifth Circuit has emphasized that the moving-force and deliberate-indifference elements of municipal liability "must not be diluted, for '[w]here a court fails to adhere to rigorous requirements of culpability and causation,

municipal liability collapses into respondeat superior liability.'" *James*, 577 F.3d at 618 (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir.1998)).

The Court, after liberally viewing Goins' Second Amended Complaint in the light most favorable to Goins, finds that Goins has failed, at the very least, to allege that Defendant Sansom Park adopted an official policy or widespread custom that was the moving force in violating Goins' constitutional rights. While Goins does reference a "custom and/or usage of practice," he fails to set forth any non-conclusory allegations regarding specifically what custom or practice he is referring to. Thus, the Court recommends that Goins' claim against Defendant Sansom Park for violation of his Fourth Amendment Constitutional Rights be **DISMISSED**.

## 2.    Individual Defendants in Their Individual Capacities[6]

As stated above, "[t]o hold an individual liable under § 1983, [Goins] must [allege]: (1) abusive conduct committed by a person acting under color of state law;[7] and (2) that such conduct deprived a person of rights, privileges, or immunities secured by the Constitution or

---

[6] It is unclear from his Second Amended Complaint whether Goins is suing the individual defendants that are employed with Sansom Park, which are all the individual defendants except Carr, in their official or individual capacities or both. "Suing a government official in his official capacity is another way of pleading against the entity of which the official is an agent." *K.T.*, 2010 WL 1484709, at *3 (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)); *Weathers v. Lafayette Parish School Bd.*, 520 F. Supp. 2d 827, 835 (W.D. La. Oct. 22, 2007) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (internal citations and quotations omitted); *see Brittany B. v. Martinez*, 494 F. Supp. 2d 534, 539 (W.D. Tex. June 28, 2007) (dismissing section 1983 claims against the board members in their official capacities because they were redundant of section 1983 claim against the school district). Because Goins is suing Sansom Park as a separate Defendant, any section 1983 claim against the individual defendants in their *official capacities* should be **DISMISSED** as redundant of the section 1983 claim against Sansom Park.

[7] The Court notes that Defendant Carr is not employed by Sansom Park and is a private citizen. A private actor is subject to constitutional liability only when "such a close nexus between the State and the challenged action exists that seemingly private behavior may be fairly treated as that of the State itself." *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 747-48 (5th Cir. 2001) (internal quotations omitted) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). While Goins has alleged that Carr was acting in concert with other individual defendants to conspire against Goins, such allegations are conclusory and not based upon any factual content that allows the court to draw the reasonable inference that Defendant Carr can be liable for the misconduct alleged.

12

laws of the United States." *Abdeljalil v. City of Fort Worth*, 55 F. Supp. 2d 614 625 (N.D. Tex.

1999). As to the individual defendants, the Court first notes that Goins has failed to reference

any specific conduct by any of the individual Defendants, except possibly Driver, Matthew

Hudman, and Hutson, that indicates Goins possibly suffered an actual civil rights violation. In

other words, Goins' allegations attack conduct that appears to be standard and usual in normal

course of business for employees of a municipality. In addition, Goins fails to specifically plead

facts that would link any conduct that a person of ordinary prudence would have foreseen would

cause a constitutional deprivation. *See, e.g., Abdeljalil v. City of Fort Worth*, 55 F. Supp. 2d 614

625 (N.D. Tex. 1999). Instead, Goins makes very general allegations that he was falsely

arrested, unlawfully detained, subjected to unlawful searches and that individuals trespassed on

his property. Such conclusory allegations are speculative and fail to state a claim for which

relief can be granted.

As to Defendants Driver, Goins alleges that Driver made several threats to tow Goins'

car, obtain a warrant for Goins' arrest, and write Goins multiple citations on a daily basis for

ongoing code violations. (Pl.'s Sec. Am. Compl. at 11-12.) In addition, Goins alleges that

Driver started to handcuff Goins but stopped when Goins protested and instead handed Goins

several citations. (*Id.* at 11-12.) Goins also alleges that Driver was present at the time Goins'

representative attended a City Council meeting and sought resolution of the water-sewer tap

dispute between Sansom Park and Goins. (Pl.'s Sec. Am. Compl. at 15-16.) None of the above

allegations, however, state a claim of a constitutional violation. As to the allegations that Driver

started to arrest Goins, the Court notes that, to prevail on a Fourth Amendment false arrest claim,

Goins must sufficiently allege (1) that he was arrested, and (2) the arrest did not have the

requisite probable cause. *See, e.g., Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655–56 (5th Cir.

2004). In this case, Goins does not allege that Driver **actually** arrested him but that Driver "started to arrest Plaintiff" and then released Goins after Goins stated "if you are going to falsely arrest me then I guess I can't stop you." (Pl.'s Sec. Am. Compl. at 12.) Such alleged behavior, even if true, does not rise to the level of a constitutional violation for false arrest.

As to Defendants Matthew Hudman and Hutson, Goins alleges, *inter alia*, that they laughed while he was allegedly falsely arrested by unidentified individuals on March 3, 2014 at a private hearing with employees of Sansom Park. (Pl.'s Sec. Am. Compl. at 17-18.) Once again, Goins does not allege that Matthew Hudman or Hutson were actually involved in any false arrest. The Court notes that Goins wholly fails to allege facts surrounding this March 3, 2014 "arrest" or a subsequent May 13, 2014 "arrest," which would state a claim against any named Defendant for false arrest. Consequently, his allegations fail to state a claim upon which relief can be granted. Based on the foregoing, the Court recommends that Goins' claims against all the individual Defendants pursuant to section 1983 be **DISMISSED**.

### D. Action for Neglect to Prevent Conspiracy Pursuant to 42 U.S.C. § 1986

In his Second Amended Complaint, Goins further alleges a cause of action for "Section 1986 Action for Neglect to Prevent Conspiracy." (Pl.'s Sec. Am. Compl. at 25.) In support of this claim, Goins states:

> The Defendants Neglected to Prevent Conspiratorial Acts, by failing and/or neglecting to prevent Co-Defendants Randy Driver, Matthew Hudman, D. Lee Thomas, Greg Hutson, Ron Douglas, Danny Robertshaw, Lisa Mears, Richard Carr, and Amy Cromer from conspiring against Plaintiff to refuse water/tap services duly paid for, over a period of six months, by failing and/or neglecting to prevent Defendants conspiring against Plaintiff to harass him on his land and search said land without warrants, while Plaintiff was not present, by failing and/or neglecting to prevent Defendants conspiring against Plaintiff to deprive him of his 9th amendment in the form of his rights, titles, and/or interests concerning to Tender of payment and the obligations of contract agreed to by Defendants, and by failing and/or neglecting to prevent said Defendants from

14

damaging Plaintiff by their enforcing Custom and/or Policy against Plaintiff in the
form of Code Violations.

(Pl.'s Sec. Am. Compl. at 25 (capitalization in original).)

To state a claim pursuant to 42 U.S.C. § 1986, "which provides a cause of action against

those who neglect or refuse to prevent wrongful acts permitted pursuant to a Section 1985

conspiracy," Goins must set forth a valid claim pursuant to 42 U.S.C. § 1985. *Pardue v. Jackson

Cnty., Miss.*, No. 1:14-CV-290-KS-MTP, 2015 WL 1867145, at *4 (S.D. Miss. Apr. 23, 2015);

*see Irwin v. Veterans Admin.*, 874 F.2d 1092, 1095 (5th Cir. 1989), *aff'd sub nom Irwin v. Dep't

of Veterans Affairs*, 498 U.S. 89 (1990). Goins did not specify the section of 42 U.S.C. § 1985

from which his claims allegedly arise. However, based on Goins' allegations, the Court assumes

that he did not intend to invoke Section 1985(1), which concerns conspiracies to prevent federal

officers from performing their duties or to injure such federal officers in the lawful discharge of

their duties,[8] or the first clause of 1985(2), which concerns conspiracies regarding parties,

witnesses, and jurors in federal court. *See* 42 U.S.C. §§ 1985(1), (2). The remaining sections, the

second clause of 1985(2) and 1985(3), require "some racial, or ... class-based, invidiously

discriminatory animus behind the conspirator's action." *Bryant v. Military Dep't of Miss.*, 597

F.3d 678, 687 (5th Cir. 2010) (internal citations and quotations omitted) ("This Circuit has held

that the class-based animus requirement of § 1985(3) applies equally to causes of action under

the second clause of § 1985(2)."); *see Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th

Cir. 2000); *Marceaux v. Lafayette City-Parish Consol. Gov't*, 921 F. Supp. 2d 605, 643 (W.D.

La. 2013); *Salmon v. Miller*, 951 F. Supp. 103, 107 (E.D. Tex. 1996) ("The plaintiff fails to state

---

[8] In addition, because Goins is not a federal official, he cannot state a claim under section 1985(1). *See
Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998) ("The Plaintiffs are not federal officials and,
therefore, their allegations fail to state a claim under § 1985(1)."); *Salmon v. Miller*, 951 F. Supp. 103, 106 (E.D.
Tex. 1996) ("[S]ection 1985(1) relates only to officers of the United States.")

a claim under section 1985(3) for the same reason he fails to state a claim under the second part of section 1985(2): the plaintiff fails to allege racial or otherwise class-based discriminatory animus . . . ."). Goins, however, did not allege any facts indicating that Defendants were motivated in their alleged conspiracy by any discriminatory animus. Because Goins has failed to state a claim pursuant to 42 U.S.C. § 1985, he cannot have stated a valid claim pursuant to section 1986. Thus, this Court recommends that the Court **DISMISS** all of Plaintiff's claims arising under 42 U.S.C. § 1986 as to all Defendants.

The Court notes that, because dismissals are disfavored, a court should generally grant a *pro-se* party every reasonable opportunity to amend. *See, e.g., Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). In this case, however, the Court has granted Goins leave to amend on two previous occasions, including in response to Defendants' first motions to dismiss. Consequently, the Court finds that Goins has alleged his best case and further amendment would be futile.

## RECOMMENDATION

It is recommended that the following motions to dismiss be **GRANTED** and all claims against Defendants be **DISMISSED**: (1) Defendant Sansom Park's Second Motion to Dismiss [doc. 48]; (2) Second Motion to Dismiss of the Individual Defendants [doc. 49]; and (3) Defendant Richard Carr's Rule 12(b)(6) Motion to Dismiss [doc. 57].

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only

16

make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 12, 2015** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 29, 2015.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/knv

17