**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ARON BENJAMIN GOINS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:14-cv-365-O** |
| | § | |
| **CITY OF SANSOM PARK et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## <u>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION</u>
## <u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

The United States Magistrate Judge made findings, conclusions, and a recommendation ("FCR") in this case. *See* FCR, ECF No. 79. The Magistrate Judge recommended that Defendant City of Sansom Park's ("Sansom Park") Second Motion to Dismiss (ECF No. 48), the Second Motion to Dismiss of the Individual Defendants (except for Defendant Richard Carr) (ECF No. 49), and Defendant Richard Carr's ("Carr") Rule 12(b)(6) Motion to Dismiss (ECF No. 57) all be granted. *See id.* Plaintiff filed objections. *See* Pl.'s Objection, ECF No. 82.  Defendants did not respond to Plaintiff's objections. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made.

Plaintiff objects to the FCR on two grounds. First, Plaintiff objects on the basis that he never granted consent to proceed before the United States Magistrate Judge. *Id.* at 1-2. A district judge may designate a magistrate judge to submit to the court proposed findings of fact and recommendations for the disposition of a motion for injunctive relief. 28 U.S.C. §§ 636(b)(1)(A)-(B). Here, the Court designated the United States Magistrate Judge to consider and submit a recommendation on

Defendants' motions to dismiss. The Magistrate Judge entered the FCR for the Court's consideration. Plaintiff's consent was not required. Accordingly, this objection is **OVERRULED**.

Next, Plaintiff objects to the Magistrate Judge's finding that Plaintiff has not stated facts in support of his claims against Defendants. Pl.'s Objection 2, ECF No. 82. Plaintiff alleges the following causes of action: (1) breach of contract; (2) breach of fiduciary duty; (3) violations of 42 U.S.C. § 1983; and (4) violations of 42 U.S.C. § 1986. 2d Am. Compl. 22-25, ECF No. 44. The Court reviewed Plaintiff's factual basis for each of his asserted claims.

The elements of a breach of contract action are: "(1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach." *Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 834 (Tex. App.—Dallas 2009, no pet.) (citing *Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 326 (Tex. App.—Houston [1st Dist.] 1995, no writ)). The Court finds that Plaintiff has failed to state a claim for breach of contract because he has failed to allege facts to show that there existed a contract between Plaintiff and any of the Defendants.

To state a claim for breach of fiduciary duty, a plaintiff must show: (1) a fiduciary relationship between the parties; (2) the defendant breached this duty; and (3) the breach resulted in an injury to the plaintiff or a benefit to the defendant. *Falcon Int'l Bank v. Cantu*, No. 13-13-00577-CV, 2015 WL 1743396, at *8 (Tex. App.—Corpus Christi, Apr. 16, 2015). The Court finds that Plaintiff has failed to state a claim for breach of fiduciary duty because he has failed to allege facts that show that any of the Defendants owed Plaintiff a fiduciary duty.

Plaintiff seeks relief for alleged violations of his Fourth Amendment rights under 42 U.S.C. § 1983. To show a constitutional violation, a plaintiff must allege "that the conduct about which

2

complaint is made was a proximate[ ] cause of the deprivation, *i.e.*, that the conduct about which complaint is made was the cause in fact of the deprivation and that a person of ordinary prudence would have foreseen that the conduct in question would have caused such a deprivation." *Abdeljalil v. City of Fort Worth*, 55 F. Supp. 2d 614, 625 (N.D. Tex. 1999) (McBryde, J.). The Court finds that Plaintiff has failed to state facts indicating that Sansom Park has a custom or practice that would be the proximate cause of the deprivation. Additionally, although Plaintiff alleges that he was arrested, Plaintiff fails to state facts indicating that any of the Individual Defendants participated in that arrest.

Finally, Plaintiff seeks relief for alleged violations of his Ninth Amendment rights under 42 U.S.C. § 1986. To state a claim under § 1986, a plaintiff must specify an act mentioned in 42 U.S.C. § 1985. *See* 42 U.S.C. §§ 1985-86. The Court finds that Plaintiff failed to state facts to show that any of the Defendants acted in violation of § 1985.

Allegations of pro se complaints are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A plaintiff's pleadings must be liberally construed, and ambiguity must be viewed in the pro se plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A district court commits error "in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, this error is removed if the plaintiff has alleged his "best case." *Id.* A court can consider a plaintiff to have asserted his best case when the plaintiff has had "fair opportunity to make out his case." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). As the current live pleading is Plaintiff's Second Amended Complaint, Plaintiff has had a fair opportunity to allege his best case.

3

Based on the foregoing, the Court **OVERRULES** Plaintiff's objections and **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Accordingly, it is **ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are accepted as the findings of the Court. Defendants' motions to dismiss (ECF Nos. 48-49, 57) are hereby **GRANTED**, and Plaintiff's claims are **DISMISSED with prejudice**. The Court's Final Judgment shall issue separately.

**SO ORDERED** on this **29th day** of **June, 2015**.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

4